IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-00116-RAH-CWB |
| | ) | |
| CLINES WALKER, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff CitiMortgage, Inc. (Citi), brings this action to judicially foreclose a mortgage on residential real property located in Dothan, Alabama. Because the United States, through the Secretary of Housing and Urban Development, holds a junior interest in the property by way of a partial-claim mortgage, Citi has named the United States as a defendant and invokes 28 U.S.C. § 2410 as the basis for this Court's subject-matter jurisdiction. The Court ordered Citi to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. 42.) Citi responded. (Doc. 44.) For the reasons set out below, the Court concludes that § 2410 does not supply an independent basis for federal subject-matter jurisdiction, and therefore this action is due to be dismissed without prejudice.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the Court's jurisdiction bears the burden of establishing that it exists. *Id.* A plaintiff must accordingly plead "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

The Court has an independent obligation to assure itself that subject-matter jurisdiction exists, and must raise the question *sua sponte* whenever the jurisdictional allegations fall short. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Section 2410(a) provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). By its terms, the statute does two things: it prescribes the circumstances in which the United States consents to be sued, and it permits the United States to be joined as a party in such suits. It says nothing about vesting the federal district courts with jurisdiction that they would not otherwise possess.

The structure of the statute confirms the point. Section 2410 contemplates that an action naming the United States may proceed not only in a federal "district court" but also in "any State court having jurisdiction of the subject matter[.]" *Id.* That phrasing presupposes that the forum—whether state or federal—must independently possess subject-matter jurisdiction over the underlying dispute. The statute supplies the sovereign's consent to suit, not the court's jurisdiction to adjudicate it. A provision that authorizes suit in state and federal court alike, conditioned on the forum's preexisting jurisdiction, is most naturally read as a waiver of immunity rather than a freestanding grant of federal jurisdiction.

The weight of authority supports this point. The Fifth Circuit held that § 2410 "only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th

2

Cir. 2002). The Ninth Circuit reached the same conclusion. *See Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts."). And the former Fifth Circuit, whose pre-October 1981 decisions bind this Court, expressed doubt that the companion removal provision, 28 U.S.C. § 1444, "independently confers federal removal jurisdiction in cases in which the federal district court would not have original jurisdiction of the cause." *City of Miami Beach v. Smith*, 551 F.2d 1370, 1373 n.5 (5th Cir. 1977).[1] Courts within this Circuit and elsewhere have applied these principles to dismiss materially identical judicial foreclosure actions. *See Servis One, Inc. v. Brown*, No. 5:25-cv-00228 (CAR), 2026 WL 852010, at *3 (M.D. Ga. Mar. 27, 2026). *See also Planet Home Lending, LLC v. Rivera*, No. 3:25-cv-2550-E-BN, 2025 WL 3635837, at *2 (N.D. Tex. Oct. 29, 2025), *report and recommendation adopted*, 2025 WL 3634192 (N.D. Tex. Dec. 12, 2025); *Planet Home Lending, LLC v. Waterwall*, No. 4:25-CV-00387, 2026 WL 1084006, at *2 (S.D. Tex. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1081200 (S.D. Tex. Apr. 21, 2026).

Citi's contrary position rests on two authorities, neither of which bears the weight placed upon it. First, Citi relies on a footnote in *Grable & Sons Metal Prods., Inc. v. Dante Eng'g & Mfg.,* 545 U.S. 308, 317 n.4 (2005), in which the Supreme Court observed that "[f]ederal law does provide a quiet title cause of action against the Federal Government," citing § 2410. *Id*. That observation does not aid Citi, for at least three reasons. The statement is dictum, offered in the course of explaining why recognizing federal-question jurisdiction over the state-law claim then before

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down on or before September 30, 1981.

the Court would not unsettle the division of labor between state and federal courts. More fundamentally, the existence of a cause of action and the existence of subject-matter jurisdiction are distinct questions; a statute may create or recognize a right to sue without enlarging the jurisdiction of the federal courts. Even read for all it is worth, the footnote speaks only to whether federal law furnishes a cause of action against the United States—not to whether § 2410 supplies the "arising under" jurisdiction that 28 U.S.C. § 1331 otherwise requires. And *Grable* addressed a quiet title action, where here, Citi brings a judicial foreclosure action governed by Alabama law in which the United States serves only as a junior lienholder whose interest Citi seeks to extinguish.

Second, Citi invokes *Stoecklin v. United States,* 943 F.2d 42, 43 (11th Cir. 1991), for the proposition that § 2410 may serve as a basis for jurisdiction. (Doc. 7 at 1.) But *Stoecklin* arose in the federal tax lien context, where an independent grant of jurisdiction exists, and not in the context of a judicial foreclosure action. To the extent *Stoecklin* might be read to suggest that § 2410 itself confers jurisdiction, that suggestion is best understood as shorthand for the proposition that § 2410 waives immunity in a setting where jurisdiction independently exists; the Eleventh Circuit has not extended it to authorize jurisdiction over a state-law foreclosure that raises no federal question.

Stripped of § 2410, Citi's Amended Complaint provides no other basis for federal jurisdiction. Citi does broadly cite 28 U.S.C. § 1331, but federal-question jurisdiction must appear on the face of a well-pleaded complaint, and exists only where federal law creates the cause of action or where the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Citi's claims are for breach of a promissory note and judicial foreclosure of a mortgage—causes of action created by state law,

4

not federal law. The presence of the United States as a junior lienholder does not transform a state-law foreclosure into a federal-question case, and § 2410, as explained, does not supply the missing federal ingredient.

Finally, the Amended Complaint neither alleges nor suggests diversity jurisdiction under 28 U.S.C. § 1332, and the United States is not a citizen of any State for diversity purposes, so its presence as a party would foreclose reliance on § 1332 in any event.

## CONCLUSION

This Court does not have subject matter jurisdiction over this matter under § 2410. Section 2410 waives the sovereign immunity of the United States but does not confer jurisdiction, and no other basis for jurisdiction appears on the face of the Amended Complaint. This case therefore will be dismissed without prejudice.

Accordingly, it is **ORDERED** as follows:

1. This case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction;

2. The Clerk of Court is **DIRECTED** to close this case; and,

3. A separate final judgment **SHALL** be entered.

**DONE** on this the 9th day of July 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE